[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have filed an application for prejudgment remedy against Penn Lyons Homes, Inc., of Selens Grove, Pennsylvania.
The plaintiffs allege that the defendant Coastline Modular Homes, Inc., have a relationship of agent and principal with the defendant Penn Lyon Homes Inc.
The Coastline Modular Homes, Inc., in the past owed money to Penn Lyon Homes, Inc. Penn Lyon Homes, Inc., is not known to have any other property or ties to the jurisdiction of this court.
The Penn Lyon Homes, Inc., stated two defenses for the application for prejudgment remedy 1. Coastline Modular Homes, Inc., did not have agency relationship with Penn Lyon Homes, Inc.; 2. the plaintiff's application did not conform to Sec. 52-278c(b)(2)(b).
The existence of an agency relationship is a question of fact. Conte v. Dwan, 172 Conn. 112. There is probable cause for the existence of an agency relationship.
Sec. 52-278c(b)(2)(b) provides for garnishment: "To garnishee. . . ., as he is the agent, trustee, debtor of the defendant and has concealed in his possession property of the defendant and is indebted to him."
The plaintiff's application for prejudgment remedy does not conform to Sec. 52-278c(b)(2)(b). The application is denied.
EDELBERG STATE TRIAL REFEREE CT Page 7314